FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

14 JUL -8 PM 2:07

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

SARAH VALLIERE, individually,

    Plaintiff,

v.

2:14-cv-381-FtM-38DNF

STELLAR RECOVERY, INC.,
a Florida corporation,

    Defendant.

**JURY DEMAND**

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff SARAH VALLIERE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") against Defendant STELLAR RECOVERY, INC. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff SARAH VALLIERE is a natural person and a citizen of the State of Florida, residing in Lee County, Florida. Said Plaintiff is the sole owner, possessor, operator, and subscriber of cellular telephone and number that Defendant was calling.

6. Defendant STELLAR RECOVERY, INC. ("Stellar Recovery") is a debt buyer that purchases charged-off debts from creditors and pursues these debts from consumers and operates from principal offices located at 4500 Salisbury Road Suite 105, Jacksonville, FL 32216; Plaintiff further alleges that Stellar Recovery is a citizen of the State of Florida.

## FACTUAL ALLEGATIONS

7. Prior to the commencement of this action, Plaintiff began receiving automated telephone calls on her cellular telephone from Defendant Stellar Recovery.

8. Upon answering any of these calls, the Plaintiff was greeted by an automated, machine-operated voice that always spoke as follows:

> This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 877-236-5791. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deuda. Por favor llame de regreso a 877-236-5791.

9. On June 24, 2014, Defendant left the aforementioned automated message on Plaintiff's cellular telephone voicemail system.

10. On June 27, 2014, Defendant again left the identical aforementioned automated message on Plaintiff's cellular telephone voicemail system.

11. Defendant placed many other identical calls to the Plaintiff's cellular telephone.

12. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

13. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

14. Defendant made the aforementioned telephone calls knowing that it was using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff incorporates paragraphs 1 through 14 herein.

16. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff SARAH VALLEIRE, requests that the Court enter judgment in favor of Plaintiff and against Defendants STELLAR RECOVERY, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.   $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.   a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.   litigation expenses and costs of the instant suit; and

f.   such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 3rd day of July, 2014.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069